

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-19-00337-CR

RODOLFO SANCHEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 6778, Honorable Stuart Messer, Presiding

June 29, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Following a bench trial, appellant Rodolfo Sanchez was convicted of the second-degree felony offense of possession of 2,000 pounds or less but more than 50 pounds of marihuana.[1]  The trial court sentenced him to two years in prison, but probated it for two years, according to the terms of a plea agreement.  Through two issues on appeal, he argues that because of a June 2019 change in the applicable law, which he contends

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(5) (West 2017).

must be retroactively applied, the State failed to prove beyond a reasonable doubt the substance he possessed was marihuana. We affirm.

*Background*

On January 31, 2019, Texas Department of Public Safety trooper Richard Pacheco was patrolling I-40 in Carson County, Texas. He encountered appellant speeding in a minivan, stopped him, and ultimately discovered over 60 pounds of marijuana in the vehicle. Indeed, appellant admitted to possessing about 50 pounds.

At trial, a forensic scientist testified about the tests he performed on the marijuana seized from appellant by Pacheco on January 31. They consisted of macroscopically and microscopically examining the substance, while also performing a color test known as the "modified Duquenous-Levine." They revealed the substance to be marijuana weighing about 64 pounds. However, the expert acknowledged, on cross-examination, that he did not perform any tests to confirm the presence of tetrahydrocannabinol (THC) and could not testify about the ratio of cannabinoids in the substance.

Appellant argued to the trial court that the State failed to prove its case. It allegedly did so because under a recent change in Texas law the State supposedly was required to prove the substance met the botanical definition of marihuana and contained a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis. Since the expert did not test for the delta-9 tetrahydrocannabinol concentration, the evidence was insufficient to establish guilt. The trial court disagreed.

*Analysis*

Through two issues, which we discuss jointly, appellant challenges the sufficiency of the evidence supporting his conviction on the same grounds urged below. He contends that the State failed to prove the substance was marihuana. The validity of his argument

2

depends upon whether the amended definition of marihuana enacted after his arrest applied. We overrule the issues.

On May 22, 2019, the Texas Legislature passed H.B. 1325 which concerned the production and regulation of hemp.[2] *See* Act of May 22, 2019, 86th Leg., R.S., ch. 764, 2019 TEX. GEN. LAWS 2085. Relevant here, H.B. 1325 amended the Health and Safety Code's definition of marihuana and added a definition of hemp to Chapter 121 of the Agriculture Code. *See id.* § 8, 2019 TEX. GEN. LAWS at 2100–101 (marihuana) (codified at TEX. HEALTH & SAFETY CODE ANN. § 481.002(26)(F)); *id.* § 2, 2019 TEX. GEN. LAWS at 2086 (hemp) (codified at TEX. AGRIC. CODE ANN. § 121.001). The bill excluded hemp having a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis from the statutory definition of marihuana.[3] When Governor Abbott signed it into law on June 10, 2019, it became effective immediately. *See id.* § 13, 2019 TEX. GEN. LAWS at 2101.

Appellant argued that the new definition of marijuana had retroactive application. And, since the State failed to present evidence illustrating that the 64 pounds of dope he possessed had a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis the evidence fell short of establishing his guilt. Our resolution of this contention is found in the Code Construction Act, *see* TEX. GOV'T CODE ANN.

---

[2] According to Chapter 122 of the Agriculture Code "'hemp' means the plant Cannabis sativa L. and any part of that plant, including the seeds of the plant and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, *with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis*." TEX. AGRIC. CODE ANN. § 121.001 (West Supp. 2020) (emphasis added).

[3] As amended by H.B. 1325, "Marihuana' means the plant Cannabis sativa L., whether growing or not, the seeds of that plant, and every compound, manufacture, salt, derivative, mixture, or preparation of that plant or its seeds. The term does not include: . . . (F) *hemp, as that term is defined by Section 121.001, Agriculture Code.*" TEX. HEALTH & SAFETY CODE ANN. § 481.002(26)(F) (West Supp. 2020) (emphasis added).

§ 311.001–.034 (West 2013), H.B. 1325's language, or lack thereof, mandating retroactive application, and authoritative precedent from sister courts of appeals.

First, the Code Construction Act states that a "statute is presumed to be prospective in its operation unless expressly made retrospective." TEX. GOV'T CODE ANN. § 311.022 (West 2013). The legislature did not expressly provide that the amendment in play here was retroactive.

Second, the same Code also states that, subject to subsection (b), amendments to a statute do not affect any violation of it that occurred before amendment. *Id.* § 311.031(a)(3) (West 2013); *see also id.* § 311.031(b) (stating that if "the penalty, forfeiture, or punishment for any offense is reduced by a reenactment, revision, or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended"). Appellant committed the acts underlying his prosecution before the effective date of the amendment. Furthermore, since the latter does not affect the punishment for possessing marijuana, § 311.031(b) does not render subsection (a) inapplicable. *Smith v. State*, 620 S.W.3d 445, 452 (Tex. App.—Dallas 2020, no pet.) (holding that "H.B. 1325 is not a penalty-reducing statute that falls under section 311.031(b) of the Code Construction Act" but rather a statute that "creates new offenses and leaves the punishment for possession of marijuana offenses unchanged").

Finally, the argument urged by appellant has been consistently rejected by sister courts of appeals. *See, e.g., Smith*, 2020 Tex. App. LEXIS 10480, at *15 (concluding that "the changes enacted by the Legislature in H.B. 1325 apply prospectively to offenses committed after the date it took effect, June 10, 2019"); *Childress v. State,* No. 06-19-00125-CR, 2020 Tex. App. LEXIS 1170, at *7 n.6 (Tex. App.—Texarkana Feb. 12, 2020,

4

no pet.) (mem. op.) (refusing to apply the amended definition of marihuana to an offense occurring prior to the effective date of H.B. 1325); *Gaffney v. State,* No. 06-19-00189-CR, 2020 Tex. App. LEXIS 763, at *5 n.4 (Tex. App.—Texarkana, Jan. 28, 2020, no pet.) (mem. op.) (stating that "at the time of this offense, the Texas Health and Safety Code did not exclude 'hemp' from the definition of marihuana").

Given the foregoing reasons, we join our sister courts and conclude that the amended definition excluding hemp as marijuana lacked retroactive effect. The evidence of guilt is legally sufficient to support his conviction. Appellant's issues are overruled. And, the judgment of the trial court is affirmed.


Per Curiam


Do not publish.